IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GABRIEL POSEY and BRYAN COBBS, | § § § | |
| Plantiffs, | § § | CIVIL ACTION |
| v. | § § | NO._____ |
| PONCE SERVICES INC. and JUAN PONCE, | § § § § | |
| Defendants | § | JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, GABRIEL POSEY and BRYAN COBBS, by and through their undersigned attorneys, and sue the Defendants, PONCE SERVICES INC., and JUAN PONCE for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

1. Plaintiff Gabriel Posey is an individual residing in Harris County, Texas.

2. Plaintiff Bryan Cobbs is an individual residing in Liberty County, Texas.

3. Defendant, Ponce Services Inc., is a corporation formed and existing under the laws of the State of Texas and which maintains and operates its business in Harris County, Texas. Defendant, PONCE SERVICES INC., can be served by serving its registered agent, Maximiliano Jambrina., 210 Westcott, Houston TX 77007.

4. Defendant Juan Ponce is an individual residing in Harris County, Texas and who at all times relevant to this claim acted directly or indirectly in the interest of Defendant, PONCE SERVICES INC., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant, Juan Ponce was the Plaintiffs' direct supervisor and employer as defined by 29 U.S.C. §203(d). Defendant Juan Ponce can be served at 6710 Breen Rd., Houston TX 77086.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).   At all times pertinent to this Complaint, Defendant Ponce Services Inc. was an enterprise engaged in interstate commerce.   At all times pertinent to this Complaint, Ponce Services Inc. regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).   Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. § 1391.

6. The Plaintiff GABRIEL POSEY began working for Defendants on or about 23 September 2013.

7. The Plaintiff Bryan Cobbs began working for Defendants on or about 18 November 2013.

8. Defendant Juan Ponce is the president of Ponce Services, Inc.

9. Ponce Services, Inc. advertises that it is a "family owned business with approximately 30 years of experience in and around our great city of Houston, Texas."

10. Defendants advertise that "Ponce´s Services has the Demolition Services since 1974."

11. Defendant is a demolition company and "roll off", and tree service company.

12. Plaintiffs delivered and transported "Track Hole" excavator, bulldozer and bob cats from one demolition job to another for Ponce services.   Plaintiffs Delivered dumpsters. Removed demolished houses, concrete, and trash to the landfill.

13. When Plaintiffs were not delivering equipment to the demolition site or removing trash from demolition sites, they also removed trees.

14. Plaintiffs worked average 10-13 hours a day, five days a week.

15. During Plaintiffs' tenure with the company, Defendant's routes were all within the State of Texas.   As a results Defendant's drivers could not have been reasonably expected to perform interstate transport.

16. Plaintiffs Posey and Cobbs were not engaged in the transport of property in interstate commerce, despite the fact that Defendants are "engaged in commerce" within the meaning of 29 U.S.C. §203(s).

17. Plaintiffs Posey and Cobbs drove their assigned routes were solely within Texas.

18. Plaintiffs Posey and Cobbs were not notified or subject to being sent on interstate trips.

19. Defendants paid Plaintiffs hourly.

20. Defendants did not pay Plaintiffs for all hours worked.

21. When Defendants did pay Plaintiffs' overtime, Defendants paid Plaintiffs straight time for overtime hours instead of a time and a half premium.

22. Defendants regularly made unauthorized deductions from Plaintiffs' paycheck.

23. During one or more weeks of Plaintiffs' employment with Defendants, Defendants intentionally failed to pay Plaintiff the federally mandated minimum wage for each hour worked during the workweek.

24. During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked more than forty hours ("overtime hours").

25. During the weeks in which Plaintiffs worked overtime hours, Defendants intentionally and willfully failed to pay Plaintiffs one and one-half times their regular rate for each overtime hour worked.

26. Defendant Juan Ponce possessed the power to hire and fire employees of Ponce Services, Inc., including the Plaintiffs.

27. Defendant Juan Ponce supervised and controlled employee work schedules or conditions of employment, both for Plaintiffs and for other employees of Ponce Services, Inc.

28. Defendant Juan Ponce determined the rate and method of payment for Plaintiffs and other employees of Ponce Services, Inc.

29. Defendant Juan Ponce maintained the employment records for Plaintiffs and other

employees of Ponce Services, Inc.

30. Defendant Juan Ponce was therefore an employer of the Plaintiffs along with Defendant Ponce Services, Inc.

31. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiffs right to overtime compensation under the FLSA.

32. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

33. Plaintiffs further seek liquidated damages as a result of Defendants' willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. §207.

34. Plaintiffs also seek compensation of the out of pocket expenses and costs of court they will incur in this action. Plaintiffs are also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;
2. The Court award damages to Plaintiffs as specified above, finding Defendants jointly and severally liable;
3. The Court award reasonable and necessary attorneys' and expert fees and costs;
4. The Court award Plaintiff liquidated damages, in addition to actual damages, as provided by the FLSA; and
5. Plaintiffs further pray for any such other relief as the Court may find proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all the issues and facts in this case. Respectfully submitted July 29, 2014.

Respectfully submitted,

TRAN LAW FIRM L.L.P.


/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
Andrew H. Iwata
Federal I.D: 625974
Texas Bar No. 24048568
3050 Post Oak, Suite 1720
Houston, Texas 77056
(713) 223-8855 Telephone
(713) 623-6399 Facsimile

**ATTORNEYS FOR PLAINTIFFS**